SPFORTZA ET AL. *v.* THE STATE OF OHIO.

*Intoxicating liquors — Keeping a place — Section 13195, General Code — Who may be joined in affidavit — Proof of sale unnecessary, when — Knowledge and intent — Fermenting and intoxicating qualities of liquid.*

1. Whoever actively joins in the maintenance of a place where intoxicating liquors are unlawfully sold, or at any period of time exercises authority or dominion over such place, or manages the same, is guilty of a violation of Section 13195, General Code, and two or more who actively engage in such conduct may be joined as defendants in an affidavit charging an offense under such section.

2. Proof of a single sale of intoxicating liquors is not indispensable to a conviction for keeping a place for the unlawful sale of intoxicating liquors.

3. One who sells a liquid known by all to have the potential quality of fermentation and consequent intoxicating properties (in the present case, cider), is bound to know that the same is or is not intoxicating at the time of sale, and affirmative proof of knowledge and intent is not essential to sustain a conviction.

(Decided April 27, 1917.)

ERROR: Court of Appeals for Summit county.

*Messrs. Musser, Kimber & Huffman,* for plaintiffs in error.
*Mr. C. G. Roetzel,* for defendant in error.

LIEGHLEY, J.   The parties stood in reverse order below at the trial, and will be so mentioned herein. The defendants were charged under Section 13195, General Code, before a justice of the peace of Summit county, with the crime of unlawfully keeping a place where intoxicating liquors were sold, and upon trial were convicted and sentenced,

from which judgment of conviction error was prosecuted to the common pleas court. Said error proceedings resulted in an affirmance of the judgment of the court below, from which judgment of affirmance error is prosecuted to this court.

It is urged that the defendants were improperly joined as such. It is the keeping of the place that constitutes the crime, and not the sale of liquor, in this particular action. Whoever actively joins in the maintenance of the place where intoxicating liquors are unlawfully sold, and who at any period of time exercises an authority or dominion over the place, and manages the same, is guilty of keeping the place. The proof shows in this case that from June 11th to July 1st three sales of cider were made by the husband and two by the wife to the witnesses called by the state. It further appears that the wife, in the absence of the husband, had control of and managed the place kept. Both joined in maintaining said place during said period. If both joined therein, then both could be joined in an affidavit charging them with said offense of unlawfully keeping a place. The trial court sitting as the trier of the facts found that both at one time or another had jointly actively engaged in conducting said business at said place, and managed and controlled the same, and there is evidence in the record to support said finding. We are not disposed to disturb that finding.

It is further urged that inasmuch as only the cider sold on one occasion was submitted to a chemical analysis and shown to be hard cider, there was therefore only one sale of intoxicating liquor, and one sale is insufficient to support a conviction.

We must not lose sight of the fact that this is a charge of keeping a place unlawfully and is not a charge of unlawful sale. It has been held in this state that a single sale is sufficient. *Lynch* v. *State,* 12 C. C., N. S., 330, affirmed 81 Ohio St., 489, and *Weaver* v. *The State,* 74 Ohio St., 53.

We do not think that the proof of any sale is absolutely indispensable to a conviction. Suppose A is the owner of a place in which the usual bar is constructed, behind which a bartender is in attendance during the business hours, adorned in the usual regalia of a bartender, and under and behind the bar there are shown to be various kinds of intoxicating liquors, and from day to day persons are seen going in and out of the place, and all these facts are shown by undisputed proof to a jury, could we say that a jury was wrong in finding that the owner thereof was keeping a place for the unlawful sale of intoxicating liquor, even without proof of a sale? The jury would be obliged to find that the owner was keeping some kind of place. It could not find that it was a soda fountain, or that it was a print shop for the production of anti-prohibition tracts. There is eminent and respectable authority for the proposition that it is not absolutely necessary to show a sale or sales to sustain a conviction for the unlawful keeping of a place. See 2 Woollen and Thornton on the Law of Intoxicating Liquors, Section 653, and authorities cited in the note.

It is further urged that the proof failed to show knowledge or intent on the part of the defendants to sell intoxicating liquors, and that therefore there is a failure of proof.

There is some evidence in the record, offered by the state in chief, that the cider was stimulating and intoxicating. It is claimed that the defendants purchased this cider as sweet cider, that it was represented to them to be such, and that they sold the same believing it to be sweet cider. It is admitted that when whiskey is sold the act of selling the same sufficiently characterizes the intent, but inasmuch as cider is a liquid which is not judicially noticed to be intoxicating it is urged that the act of selling the same does not characterize the intent of the seller and affirmative proof therefore of knowledge and intent is essential to sustain a conviction.

The authorities are somewhat in conflict on this subject, but we believe the better view and the one sustained by the greater weight of the authorities is to the effect that one who sells a liquid known by all to have the potential quality of fermentation and consequent intoxicating properties is bound to know whether the same is or is not intoxicating at the time the same is sold. Whether or not a liquid or liquor is intoxicating at the time of the sale is a question for the jury, in this case for the trier of the facts. The court below found that the cider sold was intoxicating. Finding the same to have been at the time intoxicating, the owners sold same at their peril; as they were bound to know, for it is a fact of common knowledge, that the juices of fruits possess the potential quality of fermentation.

Woollen & Thornton, *supra,* Sections 78, 858 and 859; *Dominick* v. *The State,* 6 C. C., N. S., 192; *State* v. *Carson,* 2 O. D. Re., 81; *The State* v. *Kelly,* 54 Ohio St., 166, and 17 Am. & Eng. Ency. of Law (2 ed.), 384.

Some confusion may have arisen in this case by reason of the form of the sentence imposed by the court below. However, inasmuch as no error is assigned in respect thereto, and no complaint made, we express no opinion in that regard.

Entertaining the opinion we do, as above expressed, we think the judgment should be affirmed, with costs.

GRANT and CARPENTER, JJ., concur.